[Civ. No. 5184. First Appellate District, Division Two.—June 10, 1925.]

## MARY JANE BELL, Respondent, v. MIKE KELLY, Appellant.

[1] SLANDER—EVIDENCE—EXCESSIVE DAMAGES.—In this action for damages for slander, the jury having found upon substantial evidence that the allegations of count four of plaintiff's complaint, in which it was alleged that defendant had stated to a certain person that plaintiff was running a house of prostitution and that he·(defendant) was going to get her out under the Red Light Abatement Act, and of count six, in which it was alleged that while plaintiff was passing the place of business of defendant the latter called out in a loud tone of voice at plaintiff "prostitute," and of count seven, in which it was alleged that defendant had stated to a certain person that plaintiff had stolen tables and chairs from defendant, were true, its verdict giving $5,000 damages on the fourth count, $2,000 damages on

the sixth count, and $1,000 damages on the seventh count, was not excessive.

[2] ID.—TIME FOR ARGUMENT—DISCRETION OF TRIAL COURT—APPEAL—PRESUMPTION.—The allotment of time for argument by counsel is a matter resting within the sound discretion of the trial court; and in an action for damages for slander, where the court restricts the time for argument by counsel before the jury to thirty-five minutes for each party, and the plaintiff is satisfied with this allotment of time, the appellate court may not presume that a more lengthy argument upon the facts would have caused the jury to see them differently than it did.

[3] ID.—ABILITY TO HEAR REMARKS—CONCLUSION OF WITNESS—ABSENCE OF PREJUDICE.—In an action for damages for slander, if any error is committed by the trial court in permitting a witness for plaintiff to testify that on the occasion when defendant made one of the slanderous statements about plaintiff, persons passing by on the street about two or three feet away from his doorway could hear it, such error is not prejudicial where, upon cross-examination, defendant causes said witness to testify in detail regarding the occurrence and he states that on the occasion in question he was standing on the side of a counter opposite from where defendant was standing in defendant's store, near the front of the store, that persons were passing, that defendant pointed to plaintiff as she came down the street and called her a "prostitute," and that in doing so he talked as loud as the witness was talking then upon the witness-stand (thus giving the jury an opportunity to judge whether or not persons two or three feet away could hear the remark), and plaintiff also testifies to such incident and that she heard the language of defendant as she was passing along the street in front of his store.

(1) 37 C. J., p. 129, n. 28.    (2) 38 Cyc., p. 1473, n. 70.    (3) 4 C. J., p. 983, n. 57.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. Richardson, T. E. Parke and Anderson & Anderson for Appellant.

Weber & Crawford for Respondent.

2. Limitation of time for argument, note, 46 Am. St. Rep. 23. See, also, 24 Cal. Jur. 742; 2 R. C. L. 407.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for $8,000 in an action brought to recover damages for slander. The allegations of the complaint were denied and as a separate defense numerous incidents in the conduct of plaintiff's hotel business were set forth as a justification for some of the slanderous remarks alleged to have been made by defendant.

[1] The complaint contained a number of counts, but the ones upon which the jury brought in a verdict for the plaintiff were counts four, six and seven, reading, in part, respectively, as follows: "That on or about the month of August, 1921, at Los Angeles, California, the defendant maliciously, falsely and with the intent of injuring the plaintiff, stated to Mr. Charles H. Magee, as follows: She (meaning Mary Jane Bell, the plaintiff herein) is running a house of prostitution down there (meaning the Winnipeg Hotel) and I am going to get her out under the Red Light Abatement Act. She is permitting all kinds of immorality and I am going to have the district attorney put her out, and if I can't get her out one way, I will another." "That on or about the 1st day of September, 1921, at the city of Ocean Park, California, and while the plaintiff was passing the place of business of the defendant, the defendant called out in a loud tone of voice at the plaintiff, the following: 'Prostitute.'" "That on or about the 1st day of March, 1921, at Santa Monica, California, the defendant maliciously, falsely and with the intent of injuring plaintiff, stated to one Van Tyne: 'That the plaintiff had stolen from the defendant tables and chairs.'"

Since the jury found upon substantial evidence that the foregoing allegations of the complaint were true, we think their finding as to damages is not excessive. Five thousand dollars was given on the fourth count, $2,000 on the sixth count and $1,000 on the seventh count. The larger amount was given upon the fourth count, probably because the language therein recited tended to injure plaintiff not only personally, but in the conduct and management of her business, which was that of operating a hotel.

[2] In addition to the claim that the damages are excessive, appellant contends that error was committed by the trial court in restricting the time for argument by counsel

before the jury to thirty-five minutes for each party. The plaintiff and respondent was satisfied with this allotment of time, and it is a matter resting within the sound discretion of the trial court. We may not presume that a more lengthy argument upon the facts would have caused the jury to see them differently than it did.

[3] Complaint is made of the ruling of the trial court in permitting a witness to testify that on the occasion when the defendant made one of the slanderous statements about plaintiff, persons passing by on the street about two or three feet away from his doorway could hear it. If error was committed in thus permitting the witness to state his own conclusion, it was not prejudicial, because upon cross-examination defendant caused this witness to testify in detail regarding the occurrence and he stated that on the occasion in question he was standing on the side of a counter opposite from where defendant was standing in defendant's store, near the front of the store; that persons were passing; that defendant pointed to plaintiff as she came down the street and called her a "prostitute"; that in doing so he talked as loud as the witness was talking then upon the witness-stand. The jury thus had an opportunity to judge whether or not persons two or three feet away could hear the remark. Plaintiff also testified as to this incident and that she heard the language of defendant as she was passing along the street in front of his store.

There are a few other objections made to rulings upon evidence, but we can find no merit in any of the contentions made with reference to them; most of them relate to matters which could not constitute prejudicial error even though theoretically incorrect.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1925.

Myers, C. J., and Houser, J., *pro tem.*, dissented.